**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

IN RE: ATIF, INC.

_____

DANIEL J. STERMER, as Creditor Trustee,

      Appellant,

v.

| | |
|---|---|
| Case No: | 2:21-cv-311-JLB |
| Bankr. No: | 2:17-bk-1712-FMD |
| Adv. Pro. No.: | 2:18-ap-531-FMD |

OLD REPUBLIC NATIONAL TITLE
INSURANCE COMPANY, OLD REPUBLIC
NATIONAL TITLE HOLDING COMPANY,
OLD REPUBLIC TITLE COMPANIES,
INC., and ATTORNEYS' TITLE FUND
SERVICES, LLC,

      Appellees.

_____

## <u>ORDER</u>

Plaintiff-Appellant Daniel Stermer ("Appellant") appeals a March 29, 2021

order issued by the United States Bankruptcy Court for the Middle District of

Florida in the adversary proceeding <u>Stermer v. Old Republic National Title</u>

<u>Insurance Co.</u>, No. 2:18-ap-531-FMD (Bankr. M.D. Fla.).   (Doc. 1-1.)   Defendants-

Appellees Old Republic National Title Holding Company ("OR Holding"), Old

Republic National Title Insurance Company ("OR Title"), Attorneys' Title Fund

Services, LLC ("ATF Services"), and Old Republic Title Companies, Inc. ("OR

Companies) (collectively, the "Appellees") move to dismiss the appeal under 28

U.S.C. § 158(a)(1) and Federal Rules of Bankruptcy Procedure 8002(a) and 8013.

(Doc. 6.)   Specifically, Appellees argue that the March 29 bankruptcy order was a non-final order, this appeal is therefore premature, and the Court thus lacks appellate jurisdiction.   (Id. at 1.)   Appellant disagrees but, recognizing "that this is not a cut-and-dry issue," requests that the Court abate this appeal rather than dismissing it should the Court find jurisdiction lacking.   (Doc. 11 at 2.)

The Court agrees with Appellees that this appeal is premature because the Bankruptcy Court did not certify that its March 29 order was final and appealable under Federal Rule of Civil Procedure 54(b).   (See Doc. 6 at 58.)   The Court therefore lacks appellate jurisdiction.   And because Appellant has failed to justify an abatement or stay of this matter, the appeal is **DISMISSED**.

## BACKGROUND

Appellant is the Creditor Trustee in the bankruptcy case In re ATIF, Inc., 2:17-bk-1712-FMD (Bankr. M.D. Fla.).   (Doc. 11 at 2.)   On October 16, 2018, Appellant initiated an Adversary Proceeding between Appellees and Debtor ATIF, Inc.   (Id. at 2–3.)   Stemming from a 2015 transaction between Appellees and Debtor, the operative complaint in the Adversary Proceeding alleged:

- Six counts of constructive fraud against OR Title under 11 U.S.C. § 548 and Fla. Stat. § 726.105 (Counts II–IV, VI-VIII);

- Two counts of actual fraud against OR Title under 11 U.S.C. § 548 and Fla. Stat. § 726.105 (Counts I and V);

- One count seeking declaratory relief against ATF Services, OR Companies, and OR Holding declaring that ATF Services is the alter ego of OR Companies and OR Holding (Count IX); and

- Two counts of successor liability against OR Companies and OR Holding under the theories of <u>de facto</u> merger and mere continuation (Counts X and XI).

Corrected Third Amended Adversary Complaint, <u>Stermer v. Old Republic Nat'l Title Ins. Co.</u>, 2:18-ap-531-FMD (Bankr. M.D. Fla. Feb. 26, 2020), ECF No. 162.

On February 3, 2021, the Bankruptcy Court held a status conference and signified "reasonably equivalent value is really what the case comes down to." Transcript of Telephonic and Zoom Hearing, 2:18-ap-531-FMD (Bankr. M.D. Fla. Feb. 4, 2021), ECF No. 368 at 17:11–12.   Not only was "reasonably equivalent value . . . going to be one of the badges of fraud in connection with the actually fraudulent transfer claims," the Bankruptcy Court explained, but "it's going to be an element of the constructively fraudulent transfer claims."   <u>Id.</u> at 17:17–20.   The Bankruptcy Court emphasized that "the single most dispositive issue [in the Adversary Proceeding] is reasonable equivalent value."   <u>Id.</u> at 25:10–12.   With "an evidentiary hearing on reasonably equivalent value," the Bankruptcy Court concluded that it would "be able to get to 95 percent of the ruling."   <u>Id.</u> at 18:2–3.

After a six-day trial, the Bankruptcy Court issued its Findings of Fact, Conclusions of Law, and Memorandum Opinion Regarding Reasonably Equivalent Value (the "REV Order").   REV Order, <u>Stermer v. Old Republic Nat'l Title Ins. Co.</u>, 2:18-ap-531-FMD (Bankr. M.D. Fla. Mar. 29, 2021), ECF No. 484.   In sum, the Bankruptcy Court found that "Plaintiff has not met his burden of proof to establish that Debtor's transfers to OR Title under the 2015 Master Agreement were for less than reasonably equivalent value."   <u>Id.</u> at 31.   Appellant filed the Notice of Appeal seeking review of the REV Order with this Court soon after, on April 15, 2021.

(Doc. 1-1.)   Appellees then moved to dismiss for lack of appellate jurisdiction, arguing that the REV Order did not constitute a final, appealable order.   (Doc. 6.) Thus, the sole issue before the Court is whether the REV Order confers appellate jurisdiction.

## LEGAL STANDARD

In bankruptcy cases, district courts have jurisdiction to hear appeals "from final judgments, orders, and decrees."   28 U.S.C. § 158(a)(1).[1]   "As with other types of cases, a final order in a bankruptcy proceeding is one that ends the litigation on the merits and leaves nothing for the court to do but execute its judgment."   Clay Cnty. Bank v. Culton (In re Culton), 111 F.3d 92, 93 (11th Cir. 1997); Catlin v. United States, 324 U.S. 229, 233 (1945).   "Finality is given a more flexible interpretation in the bankruptcy context, however, because bankruptcy is an aggregation of controversies and suits."   Barben v. Donovan (In re Donovan), 532 F.3d 1134, 1136 (11th Cir. 2008).   Thus, "it is generally the particular adversary proceeding or controversy that must have been finally resolved rather than the entire bankruptcy litigation."   Id. (quotation and alteration omitted).   All the same, the order appealed "must completely resolve all of the issues pertaining to a

---

[1] The Court may also hear appeals from "interlocutory orders and decrees issued under section 1121(d) of title 11" and "with leave of the court, from other interlocutory orders and decrees."   28 U.S.C. §§ 158(a)(2)–(3).   But "Appellant has not sought an interlocutory appeal, and Appellant is not asking the Court to grant one."   (Doc. 11 at 6 n.2.)   Thus, the Court looks only to section 158(a)(1) to determine whether it has appellate jurisdiction.

discrete claim, including issues as to the proper relief." Id. at 1136–37 (quotation omitted).

"In bankruptcy, adversary proceedings generally are viewed as 'stand-alone lawsuits,' and final judgments issued in adversary proceedings are usually appealable as if the dispute had arisen outside of bankruptcy." Dzikowski v. Boomer's Sports & Recreation Ctr., Inc. (In re Boca Arena, Inc.), 184 F.3d 1285, 1286 (11th Cir. 1999). Further, Federal Rule of Bankruptcy Procedure 7054(a) expressly states that "[Federal Rule of Civil Procedure 54(a)–(c)] applies in adversary proceedings." "Thus, according to a plain reading of the Bankruptcy Rules, a bankruptcy order that disposes of fewer than all claims or parties in an adversary proceeding is not immediately appealable unless the bankruptcy judge certifies the order for immediate review pursuant to Bankruptcy Rule 7054, which incorporates Fed. R. Civ. P. 54(b)." In re Boca Arena, Inc., 184 F.3d at 1286.

## DISCUSSION

Appellees maintain that the REV Order is "not a final appealable order" because "all counts of the Third Amended Complaint . . . remain pending, as the Bankruptcy Court has not entered judgment on any count or as to any party." (Doc. 6 at 7.) "In short," Appellees contend, "there is no judgment to execute." (Id.) "Appellant agrees with Appellees that the REV Order is not a 'final judgment' under [section] 158." (Doc. 11 at 4.) Appellant nevertheless maintains that "there is no dispute the REV Order decided the discrete issue about whether OR Title

exchanged reasonably equivalent value" and is therefore "a final 'order' or 'decree.'" (Id. at 5.)

In support, Appellant argues that its claims for constructive fraud under federal and Florida law "require[] a lack of reasonably equivalent value."   (Doc. 11 at 5.)[2]   There is "nothing for the court to do but execute judgment" on its constructive fraud claims, Appellant argues, because "the REV Order found that there was reasonably equivalent value exchanged."   (Id. (citation omitted).)   And because "the Bankruptcy Court stated that the reasonably equivalent value issue was dispositive" as to Appellant's actual fraud claims, Appellant maintains that "the Bankruptcy Court's statement shows the REV Order resolved the actual fraudulent transfer claims too."   (Id.)

As an initial matter, the Court finds Appellant's finality argument unpersuasive.   Certainly, the Bankruptcy Court's remarks at the status conference convey that the reasonably equivalent value issue would likely resolve at least a major portion of Appellant's claims in the Adversary Proceeding.   But the Bankruptcy Court also noted that a resolution on this issue would "get to 95 percent of the ruling."   Transcript of Telephonic and Zoom Hearing, Stermer v. Old Republic Nat'l Title Ins. Co., 2:18-ap-531-FMD (Bankr. M.D. Fla. Feb. 4, 2021),

---

[2] Generally speaking, 11 U.S.C. § 548 allows a trustee to avoid any transfer if, among other things, the debtor "received less than a reasonably equivalent value in exchange for such transfer or obligation."   11 U.S.C. § 548(a)(1)(B)(i).   Similarly, Florida law provides that a transfer is fraudulent if the debtor, also among other things, made the transfer "[w]ithout receiving a reasonably equivalent value in exchange for the transfer."   Fla. Stat. § 726.105(1)(b).

ECF No. 368 at 18:2–3.   The Bankruptcy Court opined that there would be "some peripheral issues," id. at 17:10, and then after the reasonably equivalent value issue was decided, it may entertain "some evidence on this issue, or . . . some evidence on that [issue]" if necessary, id. at 25:15–16.

In short, the Court does not read the REV Order as having "completely resolve[d] all of the issues pertaining to a discrete claim."   In re Donovan, 532 F.3d at 1136–37.   Rather, Appellant is asking this Court to substitute its judgment for that of the Bankruptcy Court and presume how that court would decide any remaining issues, if only a few.   Even accepting that the REV Order was a "fully consummated decision[]," it did not resolve all of Appellant's fraud claims and is "but [a] step[] towards final judgment in which [it] will merge."   Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949).

Alternatively, there is at least one other reason why the Court finds it lacks appellate jurisdiction: The Bankruptcy Court did not "direct entry of a final judgment" under Federal Rule of Civil Procedure 54(b).   Rule 54(b) provides that "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved," the bankruptcy court may "certify" a partial judgment for immediate review.   See In re Boca Arena, Inc., 184 F.3d at 1286 (citing Fed. R. Civ. P. 54(b)).   "Otherwise, any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties."   Fed. R. Civ. P. 54(b).

Assuming without deciding that the REV Order did in fact "resolve[] all claims against OR Titles," as Appellant contends (Doc. 11 at 6 n.1), Appellant's claims against ATF Services, OR Companies, and OR Holding remain pending. "[G]iven the clear mandate of Bankruptcy Rule 7054 [that] no appeal may be taken from a bankruptcy court order that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all of the parties in an adversary proceeding absent Rule 54(b) certification," the Court fails to see how the REV Order confers appellate jurisdiction, "even if the order would be considered final if it arose in another context." In re Boca Arena, Inc., 184 F.3d at 1287 (citation omitted). Appellees rightly note that "the Bankruptcy Court did not certify the REV Ruling" under Rule 54(b). (Doc. 6 at 8.) Thus, the Court also lacks appellate jurisdiction for this reason.

Finally, turning to Appellant's request to "abate this appeal until a final judgment in the adversary proceeding has been issued," the Court finds that the request is due to be denied. (Doc. 11 at 6.) "Although the terms 'abatement' and 'stay' are often used interchangeably, the two have distinct meanings." Regions Ban v. Samiian, No. 3:10-cv-646-J-99MMH-MCR, 2011 WL 13295455, at *5 (M.D. Fla. Mar. 22, 2011) (noting that an abatement may either dismiss or suspend an action for reasons unrelated to the claim's merits). Appellant does not clarify his request, only mentioning abatement thrice in passing. (See Doc. 11 at 1, 6.) Suffice it to say, the "modern trend is to treat an abatement as a request for a stay of proceedings." Baer v. Fahnestock & Co., 565 F.2d 261, 263 (3rd Cir. 1977).

First, the Court is not inclined to enter an open-ended stay for an indefinite amount of time.   Cf. Ortega Trujillo v. Conover & Co. Commc'ns, Inc., 221 F.3d 1262, 1264–65 (11th Cir. 2000) (noting that a stay "remain[ing] in effect until [another court] conclude[s] [its] review" seems indefinite in scope and would therefore generally be inappropriate); see also Penton v. Pompano Constr. Co., Inc., 963 F.2d 321, 322 (11th Cir. 1992) (rather than dismissing appeal for lack of jurisdiction, providing appellant thirty days by which to obtain a Rule 54(b) judgment).   Second, Appellant identifies no prejudice or harm he would suffer absent a stay.   And the Court sees no reason why Appellant cannot file a new appeal once the Bankruptcy Court renders a final judgment, order, or decree in the Adversary Proceeding.

Accordingly, Appellees' Motion to Dismiss (Doc. 6) is **GRANTED**.   This case is **DISMISSED WITHOUT PREJUDICE** for lack of appellate jurisdiction.   The Clerk is **DIRECTED** to enter judgment accordingly and close the file.

**ORDERED** at Fort Myers, Florida, on November 22, 2021.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE